Per Curiam.

The action is brought by an attorney for services rendered to defendant’s wife while they were living separate and apart and before their reconciliation. The complaint is challenged for insufficiency.
Plaintiff sues the husband on the theory that the services which he rendered to the wife were necessaries. It is alleged in the second amended complaint that he was consulted by the wife, who informed him that defendant had failed to contribute to the support of herself and children for several weeks; that he had made fraudulent representations as to his earnings and net worth in inducing her to accept a stipulated sum of money each week, had violated an understanding as to what he was to charge her for rent of an apartment, and was charging her in excess of the amount agreed upon; that he had interfered with *179 her personal life in several instances, in violation of an understanding between them, and had threatened her at times. It is alleged that she asked plaintiff’s professional advice and that ‘ ‘ he advised her as to her remedy ’ ’; that in his opinion the alleged separation agreement, if it had at any time been valid, was breached by the acts of the defendant, and that she 11 could best protect her rights by instituting an action against her husband, the defendant herein. ” It is further alleged that the wife “ retained the plaintiff herein to represent her and to render services which plaintiff as a licensed attorney recommended were necessary for her and of which she stood in need.” Thereafter he instituted an action — the complaint does not state of what variety — against defendant in the Supreme Court “ which action requested the relief deemed necessary.” The reasonable value of the services which he rendered, whatever they may have been, is alleged to have been $7,500.
A second cause of action alleges advice to the wife to the effect that defendant was not supporting his children as he was required by law to do, and that the interests of these infants would be best served by instituting an action against defendant; that he had the mother appointed as guardian ad litem to institute “ an action ”, and that said “ action requested the relief deemed necessary. ’ ’ What kind of an action was in contemplation or commenced is not disclosed.
These actions all fell by the wayside when defendant and his wife became reconciled.
As in the case of the previous complaints, this complaint states nothing but conclusions. It does not tell the court what kind of actions was brought or contemplated, or what was the nature of the advice given, and leaves it entirely to the judgment of the plaintiff himself whether what he did was of any value whatsoever.
The order appealed from should be reversed, with $20 costs and disbursements, and the complaint dismissed, with costs.